IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGOS DIAMANTOPOULOS, | ) | 8:11CV406 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, and ROBERT | ) | |
| HOUSTON, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before me *sua sponte*. On December 12, 2011, I denied Petitioner Georgos Diamantopoulos's request to proceed in forma pauperis. (Filing No. 4.) I made this determination because Diamantopoulos had, on three or more prior occasions, filed civil complaints that were dismissed as frivolous, malicious, or because they failed to state a claim upon which relief may be granted. (*Id.*) As such, 28 U.S.C. §1915(g) does not permit him to proceed in forma pauperis without first showing a risk of imminent harm. (*Id.*) It has come to my attention, however, that Diamantopoulos's claim is styled as a Petition for Writ of Habeas Corpus. (Filing No. 1.) The Eighth Circuit has determined that 28 U.S.C. §1915(g) does not apply to habeas corpus petitions. *Malave v. Hedrick*, 271 F.3d 1139, 1139-40 (8th Cir. 2001). Thus, because he is financially eligible, Diamantopoulos is given leave to proceed in forma pauperis. Nevertheless, for the reasons set forth below, I find that I must dismiss his petition.

## I. BACKGROUND

Diamantopoulos is serving a life sentence for first-degree murder, and he is in the custody of the Nebraska Department of Correctional Services. (Case No.

4:07CV3191, Filing No. 1; *See* Docket Sheet.) This matter is Diamantopoulos's eighth petition for writ of habeas corpus filed in this court relating to this conviction and sentence. *See Diamantopolous v. Venditte*, 4:10cv3079 (Smith Camp, J.) (dismissing Diamantopoulos's seventh § 2254 petition on June 2, 2010, as a successive petition pursuant to pursuant to 28 U.S.C. 2244(b)(3)(A)); *Diamantopolous v. Nebraska*, 4:07cv3191 (Strom, J.) (dismissing Diamantopoulos's sixth § 2254 petition on December 7, 2007, as a successive petition pursuant to 28 U.S.C. 2244(b)(3)(A)); *Diamantopolous v. Clarke*, 4:01cv3287 (Kopf, J.) (dismissing Diamantopoulos's fifth § 2254 petition on September 3, 2002, as a successive petition pursuant to 28 U.S.C. 2244(b)(3)(A)); *Diamantopolous v. Nebraska Dep't of Corr., et al.*, 4:98cv3262 (Urbom, J.) (dismissing Diamantopoulos's fourth § 2254 petition on October 14, 1998, as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Rehbein v. Clarke*, 94 F.3d 478 (8th Cir. 1996), *aff'g* 855 F. Supp. 1066 (D. Neb. 1994) (affirming dismissal of Diamantopoulos's third petition for writ of habeas corpus under principles concerning "abuse of the writ" before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

## II.   ANALYSIS

Rules 9 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is

> filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 . . . (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

3

I have carefully reviewed the record in this matter and in Diamantopoulos's previous habeas corpus proceedings. Diamantopoulos's previous petitions raise claims and arguments similar to those raised here. Moreover, Diamantopoulos does not raise any new arguments or allege any new facts that demonstrate he is innocent of the underlying offense. Thus, his petition is clearly "successive." Because Diamantopoulos does not assert, nor does the record show, that he sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition, it must be dismissed.

IT IS THEREFORE ORDERED that:

1. My December 12, 2011, Memorandum and Order on Request for Leave to Proceed in Forma Pauperis, (filing No. 4), is stricken. Diamantopoulos's Motion for Leave to Proceed In Forma Pauperis, (filing no. 2), is granted.

2. Petitioner Georgos Diamantopoulos's Petition for Writ of Habeas Corpus, (filing no. 1), is dismissed without prejudice to the reassertion of a subsequent petition upon certification by the Eighth Circuit Court of Appeals.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of February, 2012.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge